# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

## DOROTHY HARRIS v. YOLANDA CHAFFEN, ET AL.

### Appeal from the Chancery Court for Shelby County
### No. CH140582     Jim Kyle, Chancellor

_____

### No. W2015-01996-COA-R3-CV – Filed January 25, 2016
_____

Because the order appealed is not a final judgment, we must dismiss this appeal for lack of jurisdiction.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

J. STEVEN STAFFORD, P.J.W.S., ARNOLD B. GOLDIN, AND BRANDON O. GIBSON, JJ.

Yolanda Chaffen, appellant pro se.

Daniel J. Mickiewicz, Collierville, Tennessee, for the appellee, Dorothy Harris.

### MEMORANDUM OPINION[1]

Rule 3 of the Tennessee Rules of Appellate Procedure provides that if multiple parties or multiple claims are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not final or appealable. Except where otherwise provided, this Court only has subject matter jurisdiction over final orders. *See **Bayberry Assoc. v. Jones***, 783 S.W.2d 553 (Tenn. 1990).

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Pursuant to the mandates of Rule 13(b) of the Tennessee Rules of Appellate Procedure, we reviewed the appellate record to determine if the Court has subject matter jurisdiction to hear this matter. After this review, it appeared to the Court that it does not have jurisdiction. Specifically, we could find nothing in the record reflecting that the trial court adjudicated the "Petition to Partition Real Estate" which was filed in the trial court on April 10, 2014. Moreover, there was no accounting in the record as ordered by the trial court in the "Order Granting Counter-Complaint for Accounting and Rent Collected" entered on December 12, 2014.

Thus, by Order entered on January 5, 2016, the Court directed Appellant Yolanda Chaffen to either obtain entry of a final judgment in the trial court or else show cause why this appeal should not be dismissed for failure to appeal an appealable order or judgment. Appellant filed a response to our Order on January 12, 2016, wherein she concedes that the order appealed is not a final judgment. Consequently, the Court does not have subject matter jurisdiction of this matter and the appeal must be dismissed.

**Conclusion**

Because the trial court has not yet entered a final judgment, the appeal is dismissed without prejudice and the case remanded to the trial court for further proceedings consistent with this Opinion. Should a new appeal be filed, the Clerk of this Court shall, upon request of either party, consolidate the record in this appeal with the record filed in the new appeal. Costs of this appeal are taxed to the appellant, Yolanda Chaffen, for which execution may issue if necessary.

**PER CURIAM**